IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02175-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

    Plaintiffs,

v.

MARITZA DOMINGUEZ BRASWELL,
TOYOTA FINANCIAL SERVICES, and
DAFNEY DUBUISSON STOKES,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiffs [sic] Objection By Affidavit of Truth and Fact to Order Vacating Clerk's Default By United States Magistrate Judge [Docket No. 38]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I. BACKGROUND

On August 6, 2024, plaintiffs filed this case against Magistrate Judge Dominguez Braswell, Dafney Dubuisson Stokes, and Toyota Financial Services ("Toyota"). Docket No. 1. On October 29, 2024, plaintiffs claimed that they served Toyota by certified mail. Docket No. 17. On November 12, 2024, plaintiffs moved for entry of default against Toyota, which the Clerk of Court entered. Docket Nos. 20, 22. On November 25, 2024, Toyota filed a motion to set aside the clerk's entry of default. Docket No. 26.

On December 11, 2024, Magistrate Judge Scott T. Varholak held a status conference and granted Toyota's motion to vacate the clerk's entry of default against

Toyota. Docket No. 37. Judge Varholak found that Toyota was improperly served by mail pursuant to Federal Rule of Civil Procedure 4 and Colorado Rule of Civil Procedure 4. Moreover, Judge Varholak found that the strong presumption in favor of resolving cases on the merits warranted setting aside the clerk's entry of default, especially as Toyota had entered an appearance and evinced its intent to defend itself.

## II. LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).

Because a "motion to set aside a clerk's entry of default is **not** a dispositive motion," *Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 3454972, at *4 (D. Colo. July 18, 2018), Judge Vaholak's order granting Toyota's motion to vacate entry of

2

default is also not dispositive. The Court will review Judge Varholak's order under the clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Furthermore, because plaintiffs are proceeding pro se, the Court will construe their objection liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

The Court construes plaintiffs' filing as raising five objections to Judge Varholak's order granting Toyota's motion to set aside the clerk's entry of default.

#### A. **Objection One**

Plaintiffs appear to object to the magistrate judge's authority to issue orders and recommendations in this case. Docket No. 38 at 2. Plaintiffs argue that they "require an Article III Court and to redress grievances in accordance with the Colorado Constitution and the united States Constitution" and that an "Article III court is the ONLY JURISDICTION to address" plaintiffs' "grievances." *Id*. at 2, 6. Plaintiffs also state that they were "not informed that [the] Status Conference would not follow Article III due process of law." *Id*. at 3.

The Court overrules this objection. Judge Varholak is authorized to hear this matter pursuant to 28 U.S.C. §§ 636(a)-(b), Fed. R. Civ. P. 72(a)-(b), and D.C.COLO.LCivR 72.1. Plaintiffs' consent is not required for the district court to refer non-dispositive motions to Judge Varholak. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. §§ 636(b)(1)(B)-(C); *see also Matios v. City of Loveland*, 2023 WL 4145905, at *3 (10th Cir. June 23, 2023). Of course, plaintiffs may object to any adverse rulings or

recommendations by Judge Varholak and such objections will be decided by an Article III judge pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).

### B. Objection Two

Plaintiffs also appear to object to their designation as pro se plaintiffs. Docket No. 38 at 2. Plaintiffs argue that "We the People are SUI JURIS and not PRO SE as reported in Courts Minutes" and that "KERI L. VIEGAS is an alias in which keri lynn viegas has secured party over." *Id*. "Federal courts, however, have regarded parties as appearing pro se even where the parties have asserted that they are appearing sui juris rather than pro se." *Hall v. Wash. Mut. Bank*, 2010 WL 11549664, at *3 (C.D. Cal. July 7, 2010) (collecting cases). Because there would be no legal significance in finding that plaintiffs are appearing sui juris rather than pro se, the Court overrules this objection. *Dolen-Cartwright on behalf of G.C. v. Alexander*, 2022 WL 848088, at *5 (M.D. La. Feb. 24, 2022), *report and recommendation adopted*, 2022 WL 842853 (M.D. La. Mar. 21, 2022).

### C. Objection Three

Plaintiffs object to Ms. Stokes's appearance as counsel for Toyota, arguing that "Defendant Stokes cannot be an advocate for Defendant Toyota Financial Services and a witness and shall not respond on their behalf." Docket No. 38 at 3. Plaintiffs' objection is not specific because it provides no explanation why the factual and legal conclusions in the magistrate judge's order are erroneous. *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (discussing how a specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute") (citation

4

omitted). Moreover, Judge Varholak did not issue a specific finding regarding whether Ms. Stokes can serve as counsel for Toyota. *See Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished))). In any event, plaintiffs provide no basis for Ms. Stokes not being able to represent Toyota. Accordingly, the Court overrules plaintiffs' objection.

### D. Objection Four

Plaintiffs object to the magistrate judge setting aside the entry of default against Toyota. Docket No. 38 at 1. Plaintiffs argue that "Defendant Toyota Financial Services was properly served in accordance with the Colorado Constitution." *Id*. at 4. Specifically, plaintiffs assert that "Wong Fleming are the agents which states all services must be to them on the Courts Record and were served properly." *Id*.

Plaintiffs fail to show that Judge Varholak's ruling to set aside the entry of default, due to plaintiffs' lack of proper service on Toyota, was contrary to the law. Federal Rule of Civil Procedure 4(h) governs service of process on corporations. Rule 4(h)(1)(B) provides that a plaintiff may serve process on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also Howarth v. TCER, LLC*, No. 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *3 (D. Colo. Oct. 13, 2021). In the alternative, a plaintiff may serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R.

5

Civ. P. 4(h)(1)(A).  Rule 4(e)(1) allows service to be made "following state law" of either the state where the district court is located or where service is made.  "The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency."  *Howarth*, 2021 WL 4775270, at *3 (quoting *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv-02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009)).  Under Colorado law, a plaintiff can effectuate service on a corporation by delivering a copy to "the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of [Colorado] or of any other jurisdiction, or that agent's secretary or assistant."  Colo. R. Civ. P. 4(e)(4); *see also Howarth*, 2021 WL 4775270, at *4.  However, "[e]xcept as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem."  Colo. R. Civ. P. 4(g).

Here, plaintiffs claim that they served Toyota by certified mail and that service was delivered to an "Agent at Wong and Fleming on September 3, 2024 and was signed for by the agent."  Docket No. 17 at 1.  Service by mail is improper under Colo. R. Civ. P. 4.  This is not a proceeding in rem.  Moreover, even if service was proper, Toyota has entered an appearance and intends to defend itself on the merits, which weighs in favor of setting aside the entry of default against Toyota.  *See In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (noting that there is a strong preference for

6

deciding cases on the merits as opposed to default).  Accordingly, the Court will overrule plaintiffs' objection.

### E. Objection Five

Plaintiffs object that plaintiffs did not receive proper notice of the December 11, 2024 status conference.  Docket No. 38 at 3.  At the December 11 status conference, plaintiffs did not object to the manner in which they received notice of the status conference.  "[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).  The Court finds that plaintiffs have waived this objection.  Moreover, plaintiffs appeared at the December 11 status conference and therefore fail to show that they suffered any prejudice due to the manner in which they received notice.  Docket No. 37 at 1.  Accordingly, the Court will overrule plaintiffs' objection.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs Objection By Affidavit of Truth and Fact to Order Vacating Clerk's Default By United States Magistrate Judge [Docket No. 38] is **OVERRULED.**

DATED January 13, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge