IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02175-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

    Plaintiffs,

v.

MARITZA DOMINGUEZ BRASWELL,
TOYOTA FINANCIAL SERVICES, and
DAFNEY DUBUISSON STOKES,

    Defendants.

---

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter comes before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 56]. The Court has jurisdiction pursuant to 28 U.S.C § 1331. Plaintiffs Keri L. Viegas and James Viegas filed timely objections to the recommendation. Docket No. 57.

**I.  BACKGROUND**

The facts are set forth in the magistrate judge's recommendation, Docket No. 56 at 1-4, and the Court adopts them for purposes of ruling on the objections. To the extent that plaintiffs dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On August 6, 2024, plaintiffs filed this case against Magistrate Judge Dominguez Braswell, Dafney Dubuisson Stokes, and Toyota Financial Services ("Toyota"). Docket No. 1. The complaint asserts claims under the Fourth, Fifth, and Seventh Amendments

of the U.S. Constitution pursuant to 42 U.S.C. § 1983.  *Id.* at 4.  Plaintiffs also assert causes of action under 18 U.S.C. § 242 and 42 U.S.C. § 1988.  *Id.* at 3, 4.  They allege that Ms. Stokes and Toyota "collude and retain stolen private property without providing Plaintiffs with remedy or relief."  *Id.* at 5.

On December 24, 2024, Toyota and Ms. Stokes filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that plaintiffs' complaint does not comply with Fed. R. Civ. P. 8 and fails to state a valid claim.  Docket No. 44-1.  Plaintiffs filed a response to the motion to dismiss.  Docket No. 47.

On March 21, 2025, Chief Magistrate Judge Scott T. Varholak issued a recommendation that Toyota and Ms. Stokes's motion to dismiss be granted in part.  Docket No. 56 at 9-10.  He recommends that plaintiffs' claims that allege violations of the Fourth, Fifth, and Seventh Amendment be dismissed without prejudice and that plaintiffs' other claims against Toyota and Ms. Stokes be dismissed with prejudice.  *Id.* at 10.

II.  **LEGAL STANDARD**

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific*.  United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927

2

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiffs are proceeding pro se, the Court will construe their objections and pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

The Court construes plaintiffs' filing as raising two objections. *See* Docket No. 57 at 1-5.

#### A. Plaintiffs' First Objection

Plaintiffs appear to object to the magistrate judge's recommendation that their claims for violation of the Fourth, Fifth, and Seventh Amendments pursuant to § 1983 be dismissed for failure to allege a plausible cause of action pursuant to Rule 12(b)(6) and Rule 8. *See* Docket No. 57 at 2-3. Plaintiffs argue that the magistrate judge's recommendation does not "address the claims provided in the complaint for this case." *Id.* at 3. Plaintiffs contend that there is "no evidence provided by Chief Magistrate Varholak stating that FACTS must be included in the complaint." *Id.* Plaintiffs further

argue that "[n]o where [sic] are statements provided from the complaint or the responses validating the recommendations." *Id.*

The recommendation found that there are "no facts supportive of a constitutional violation by Defendants Toyota or Stokes." Docket No. 56 at 8. The recommendation also concluded that plaintiffs fail to "allege any specific dates, nor do they specify what actions each Defendant took, how they were involved in stealing the private property, or how they colluded." *Id*.

Plaintiffs' objection is not specific because it does not explain why the magistrate judge's legal conclusion is erroneous. *See One Parcel*, 73 F.3d at 1059. Plaintiffs do not explain why the alleged lack of "evidence" rebutting plaintiffs' allegations frees plaintiffs of their obligation to provide a "short and plain statement of the claim" showing that they are "entitled to relief" as required by Rule 8. Fed. R. Civ. P. 8(a)(2). "Rule 8 places the burden squarely upon Plaintiff to succinctly state their claims, and it is neither Defendants' nor the Court's duty to sift through the complaint and guess which factual allegations support which claims." *Washburn v. Kingsborough Cmty. Coll.,* 2022 WL 843733, at *2 (E.D.N.Y. Mar. 22, 2022) (quotations, alternations, and citation omitted).

While plaintiffs argue that the magistrate judge does not "address the claims provided in the complaint for this case," plaintiffs fail to point to any specific "claims" that the magistrate judge did not consider or that would bring the complaint into compliance with Rule 8. *See* Docket No. 57 at 3. In particular, plaintiffs do not address the magistrate judge's finding that they fail to "allege any specific dates, nor do they specify what actions each Defendant took, how they were involved in stealing the private property, or how they colluded." Docket No. 56 at 8. Rather, plaintiffs claim that

4

"Defendants Toyota and Stokes refused to return private property and moved private automobile out of the state thus violating the 4th and 5th Amendment."  Docket No. 57 at 2.  However, this is another "conclusory allegation[] that [plaintiffs'] constitutional rights were violated" and is thus "insufficient to establish a plausible claim that Defendants are liable under Section 1983."  Docket No. 56 at 8.  This allegation also does not appear in the complaint.  See Docket No. 1.

Plaintiffs appear to contend that they do not need to allege facts in the complaint, see Docket No. 57 at 3, which contravenes the principle that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).  Plaintiffs also refer to another case they filed, *Viegas. v. Toyota Fin. Servs.*, No. 24-cv-00668-PAB-STV (D. Colo. 2024), that they argue supplies "additional information."  Docket No. 57 at 3.  Generally, a court should not consider documents beyond the pleadings when ruling on a 12(b)(6) motion.  *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).  However, the Tenth Circuit has recognized a "limited exception" to this rule: the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Id.* (citation omitted).  Plaintiffs do not explain why this "limited exception" should apply.  Therefore, the Court will not consider any documents from plaintiffs' other case.[1]

---

[1] Plaintiffs contend that, "i[f] additional information must be provided from 24-CV-0668 that include specific dates, then Plaintiffs should be afforded the right to include those actions in this cause."  Docket No. 57 at 3.  The Court construes this request as a motion for leave to amend the complaint.  The Court will deny leave to amend because plaintiffs fail to comply with the Local Rules of this district that require a party seeking to

5

Plaintiffs also argue that "Chief Judge Brimmer has already determined that government actors were involved with Defendants Toyota and Stokes as referenced in his Order ECF 41 in case 24-cv-0668 and thus 42 USC § 1983 and § 242[2] apply." Docket No. 57 at 2. Even if rulings from other cases were applicable to the instant matter, *see Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the *same case*.") (internal quotation and citation omitted), the Court in *Toyota Fin. Servs.*, No. 24-cv-00668-PAB-STV did not find that plaintiffs' claims brought pursuant to § 1983 plausibly pled state action. Rather, the Court found that it had subject matter jurisdiction over plaintiffs' claims in that case because plaintiffs raised a due process claim under the Fifth Amendment pursuant to § 1983. *Toyota Fin. Servs.*, No. 24-cv-00668-PAB-STV, Docket No. 47 at 8-9. Moreover, even if plaintiffs did plausibly plead state action in this case, the magistrate judge found that plaintiffs' failure to plead state action is an alternative basis upon which to recommend dismissal of their § 1983 claims and nonetheless recommends that plaintiffs' § 1983 claims be dismissed for failure to comply with Rule 8 for the reasons discussed previously. See Docket No. 56 at 8-9 n.6.

---

amend their complaint to file a separate motion to amend and to attach the proposed amended complaint to that motion. See D.C.COLO.LCivR 7.1(d), 15.1(b).

[2] The magistrate judge recommends that plaintiffs' claims under 18 U.S.C. § 242 be dismissed with prejudice because § 242 is a "criminal statute that cannot be enforced in a private action." Docket No. 56 at 6. Furthermore, he recommends that dismissal be with prejudice because further amendment to the complaint would be futile. *Id.* at 6 n.3. Plaintiffs' objection does not address the magistrate judge's recommendation. Accordingly, the Court will accept the magistrate judge's recommendation that plaintiffs' § 242 claims be dismissed with prejudice.

The Court agrees with the magistrate judge's analysis and recommendation that plaintiffs' constitutional claims be dismissed without prejudice.[3] Accordingly, the Court will overrule plaintiffs' first objection.

### B. **Plaintiffs' Second Objection**

Plaintiffs appear to object to the magistrate judge's finding that "it appears Plaintiffs allege that Defendants Toyota and Stokes violated: (1) 18 U.S.C. § 242, (2) 42 U.S.C. § 1988, and (3) the Fourth, Fifth, and Seventh Amendments pursuant to 42 U.S.C § 1983." Docket No. 57 at 2 (quoting Docket No. 56 at 6). Specifically, plaintiffs claim that they "have not argued 42 USC § 1988 apply in this case." *Id.* Plaintiffs' complaint refers to 42 U.S.C. § 1988. *See* Docket No. 1 at 3; Docket No. 1-1. Therefore, it was not in error for the magistrate judge to construe plaintiffs' pleading liberally and find that plaintiffs seek to bring a claim pursuant to § 1988. *See Hall,* 935 F.2d at 1110. Assuming plaintiffs do not intend to pursue a claim under § 1988, plaintiffs do not explain how the magistrate judge's recommendation that any claim brought under § 1988 be dismissed with prejudice affects the remainder of the magistrate judge's analysis. *See* Docket No. 56 at 7.

---

[3] Toyota and Ms. Stokes requested that dismissal of plaintiffs' constitutional claims be with prejudice. Docket No. 44-1. The magistrate judge finds that dismissal should be without prejudice. Docket No. 56 at 9-10. The magistrate judge relies on cases that held, where a plaintiff is proceeding pro se, dismissal with prejudice is only appropriate where it is clear that amendment is futile. *Id.* Toyota and Ms. Stokes do not object to the magistrate judge's recommendation that dismissal be without prejudice. Finding "no clear error" in the magistrate judge's recommendation, the Court will accept the recommendation that dismissal be without prejudice. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Accordingly, the Court agrees with the magistrate judge's analysis and will overrule plaintiffs' second objection.[4]

### C. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 56] is **ACCEPTED**. It is further

**ORDERED** that Plaintiffs' Objection to Order and Recommendation of United States Magistrate Judge By Affidavit of Truth and Fact [Docket No. 57] is **OVERRULED**. It is further

**ORDERED** that Toyota Financial Services and Dafney Dubuisson Stokes's Motion to Dismiss [Docket No. 44] is **GRANTED in part**. It is further

**ORDERED** that plaintiffs' claims against Toyota Financial Services and Dafney Dubuisson Stokes for violations of the Fourth, Fifth, and Seventh Amendment pursuant to 42 U.S.C. § 1983 are **DISMISSED without prejudice.** It is further

---

[4] Plaintiffs do not object to the magistrate judge's recommendation that their claims pursuant to § 1988 be dismissed with prejudice because further amendment would be futile. *See* Docket No. 56. Finding "no clear error" in the magistrate judge's recommendation, the Court will accept the recommendation that dismissal be with prejudice. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

**ORDERED** that plaintiffs' claims against Toyota Financial Services and Dafney Dubuisson Stokes pursuant to 18 U.S.C. § 242 are **DISMISSED with prejudice**. It is further

**ORDERED** plaintiffs' claims against Toyota Financial Services and Dafney Dubuisson Stokes pursuant to 18 U.S.C. § 1988 are **DISMISSED with prejudice**. It is further

**ORDERED** that defendant Toyota Financial Services is dismissed from this case. It is further

**ORDERED** that defendant Dafney Dubuisson Stokes is dismissed from this case.

DATED May 29, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge