IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02175-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

    Plaintiffs,

v.

MARITZA DOMINGUEZ BRASWELL,

    Defendant.

# ORDER

This matter comes before the Court on Defendant United States Magistrate Judge Dominguez Braswell's Motion to Dismiss [Docket No. 18]. Plaintiffs filed a response. Docket No. 23. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## I. BACKGROUND[1]

On March 11, 2024, plaintiffs Keri L. Viegas and James Viegas filed Case No. 24-cv-00668-PAB-STV against Toyota Financial Services and Predator Recovery Inc. d/b/a Sure Shot Recovery. *Viegas v. Toyota Fin. Servs.*, 24-cv-00668-PAB-STV

---

[1] The facts below are taken from plaintiffs' amended complaint, Docket No. 41, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendants' motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

(D. Colo. 2024), Docket No. 1.[2]  Judge Dominguez Braswell was assigned to the case as the magistrate judge.  *Id.*, Docket No. 2.  On March 25, 2024, Judge Dominguez Braswell sua sponte issued an order to show cause to plaintiffs regarding the Court's subject matter jurisdiction.  *Id,*, Docket No. 13.  Judge Dominguez Braswell noted that "it is unclear whether there is federal question jurisdiction" in this case because plaintiffs' "allegations of unlawful repossession, in light of the facts pled, do not appear to fall under any recognized legal claim created by federal law."  *Id.* at 3.  On March 25, 2024, plaintiffs filed a response to the order to show cause.  *Toyota Fin. Servs.*, 24-cv-00668-PAB-STV, Docket No. 14.  On May 7, 2024, Judge Dominguez Braswell issued a recommendation to dismiss plaintiffs' claims without prejudice for lack of subject matter jurisdiction (the "May 7 Recommendation").  *Toyota Fin. Servs.*, 24-cv-00668-PAB-STV, Docket No. 40.  She also recommended that plaintiffs' motion to stay the "auction" of plaintiffs' "private property" and plaintiffs' motions for default judgment be denied.  *Id.* at 2 n.1.  Plaintiffs filed an objection on May 9, 2024.  *Toyota Fin. Servs.*, 24-cv-00668-

---

[2] Generally, a court should not consider evidence beyond the pleadings when ruling on a Rule 12(b)(6) motion.  *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).  However, the Tenth Circuit has recognized a "limited exception" to this rule: the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Id.*  Because plaintiffs' claims against Judge Dominguez Braswell arise out of her conduct in *Viegas v. Toyota Fin. Servs.*, 24-cv-00668-PAB-STV (D. Colo. 2024)*,* and both parties refer to docket entries from this case, the Court finds it appropriate to take judicial notice of the docket in *Toyota Fin. Servs.,* 24-cv-00668-PAB-STV.  *See Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1053 n.6 (D. Colo. 2011) ("This court may take judicial notice of documents in the public record, including the court's own docket.").

PAB-STV, Docket No. 41.  Defendants did not file any responses to plaintiffs' objection by the response deadline.

On August 9, 2024, the Court accepted in part and rejected in part the magistrate judge's recommendation and sustained in part and overruled in part plaintiffs' objection. *Toyota Fin. Servs.*, 24-cv-00668-PAB-STV, Docket No. 47.  The Court found that it had subject matter jurisdiction over plaintiffs' complaint under 28 U.S.C. § 1331 at this stage of the proceedings because plaintiffs raise a due process claim under the Fifth Amendment pursuant to 42 U.S.C § 1983.  *Id*. at 8.  The Court found that the issue of whether the complaint plausibly alleges that defendants are state actors for purposes of 42 U.S.C. § 1983 is more properly addressed at the motion to dismiss stage.  *Id.*  The Court accepted the remainder of the May 7 Recommendation.  *Id.* at 13.

On August 6, 2024, plaintiffs filed this case against defendants Judge Dominguez Braswell, Toyota Financial Services, and Dafney Dubuisson Stokes.  Docket No. 1.  The complaint alleges that, on May 7, 2024, Judge Dominguez Braswell "issued an unconstitutional order" that forced plaintiffs to "obtain redress in a lower court without proper due process."  *Id.* at 4.  Plaintiffs claim that Judge Dominguez Braswell "acted in a private capacity and in collusion with the other Defendants to violate the unalienable rights of the Plaintiffs to redress and obtain property that was taken without due process."  *Id.*  Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Seventh Amendments of the U.S. Constitution and pursuant to 18

U.S.C. § 242.[3]  *Id.*  Plaintiffs seek $8,000,000 in compensatory relief for the "mental torment" caused by the May 7 Recommendation.  *Id.* at 6.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g., Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations

---

[3] Plaintiffs claim that "Defendant Braswell refuses to recuse herself from Plaintiffs' cases and continues to violate the 4th, 5th, and 7th Amendments."  Docket No. 1 at 4.  On December 6, 2024, Judge Dominguez Braswell recused herself from *Toyota Fin. Servs.*, 24-cv-00668-PAB-STV.  *Toyota Fin. Servs.*, 24-cv-00668-PAB-STV, Docket No. 55.

and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

III. **ANALYSIS**

Judge Dominguez Braswell argues that she is entitled to judicial immunity because plaintiffs' claims against her arise out of actions that "are judicial in nature and were taken in the scope of her jurisdiction over Plaintiffs' earlier case."  Docket No. 18 at 6.  She also argues that plaintiffs' complaint fails to state a valid claim against her.  *Id.* at 9.

"The Supreme Court of the United States has long held that judges are generally immune from suits for money damages."  *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)).  Judicial immunity is overcome only where (1) the actions in question were not taken in the judge's "judicial capacity," or (2) where the actions in question were taken in the "complete absence of all jurisdiction."  *Id.* (citation omitted).  Whether "an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they

5

dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (internal alterations omitted)). A "judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009).

Here, the complaint alleges that Judge Dominguez Braswell violated plaintiffs' rights by issuing an "unconstitutional order" that consisted of "litigati[on] from the bench on behalf of Defendants Toyota Financial Services and Stokes." Docket No. 1 at 4. The allegations against Judge Dominguez Braswell arise out of her judicial duties as a United States Magistrate Judge as they are directed at the May 7 Recommendation. *See id.*

On March 12, 2024, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), the Court referred to Judge Dominguez Braswell the authority to "conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions." *Toyota Fin. Servs.*, 24-cv-00668-PAB-STV, Docket No. 5. Such authority included issuing orders to determine whether the Court had subject matter jurisdiction over *Toyota Fin. Servs.*, 24-cv-00668-PAB-STV. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980) (a federal court must satisfy itself as to its own jurisdiction, even if doing so requires sua sponte action). Judge Dominguez Braswell acted within her judicial capacity when she sua sponte ordered plaintiffs to show cause why *Toyota Fin. Servs.*, 24-cv-00668-PAB-STV, should not be dismissed for lack of subject matter jurisdiction. *See Toyota Fin. Servs.*, 24-cv-00668-PAB-STV,

6

Docket No. 13 at 4.  Similarly, she acted within her judicial capacity when she issued the May 7 Recommendation that recommended the case be dismissed for lack of subject matter jurisdiction and that plaintiffs' motion to stay and motions for default judgment be denied.  *See Guion v. Williams*, No. 22-cv-00563-CMA-GPG, 2022 WL 22330353, at *3 (D. Colo. July 1, 2022), *report and recommendation adopted*, 2022 WL 22330352 (D. Colo. July 27, 2022) ("it is apparent that the only actions allegedly taken by Senior Judge Babcock and Magistrate Judge Hegarty, entering a recommendation and an order adopting the recommendation, are functions normally performed by a judge and that [plaintiff] was dealing with Senior Judge Babcock and Magistrate Judge Hegarty in their judicial capacities"); *Wojdacz v. Blackburn*, No. 13-cv-01738-MSK-MJW, 2014 WL 4243798, at *3 (D. Colo. Aug. 25, 2014) (finding that magistrate judge and Article III judge acted within judicial authority where plaintiff did "not dispute that her claims against these Defendants turn on rulings and actions they took in the scope of presiding").

Furthermore, the complaint does not allege, and cannot be reasonably read to suggest, that Judge Dominguez Braswell's actions were in the clear absence of all jurisdiction.  *See Moss*, 559 F.3d at 1163.  The fact that the Court rejected in part the May 7 Recommendation and found that it had subject matter jurisdiction over plaintiffs' claims does not mean that Judge Dominguez Braswell acted in the clear absence of all jurisdiction.  A "judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority." *Id*.  Therefore, the Court rejects plaintiffs' argument that Judge Dominguez Braswell is not entitled to judicial immunity.  *See* Docket No. 23 at 4.  Similarly, the Court rejects

7

plaintiffs' unsupported argument that Judge Dominguez Braswell acted as a "private citizen" in issuing her rulings. *Id.* at 3.

Because Judge Dominguez Braswell is entitled to absolute immunity on plaintiffs' claims for money damages, the Court will grant the motion to dismiss.[4]

## IV. CONCLUSION

Therefore, it is

**ORDERED** Defendant United States Magistrate Judge Dominguez Braswell's Motion to Dismiss [Docket No. 18] is **GRANTED**. It is further

**ORDERED** that plaintiffs' claims against Judge Dominguez Braswell are **DISMISSED with prejudice**.[5] It is further

**ORDERED** that this case is closed.

DATED May 29, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[4] Given that the Court finds Judge Dominguez Braswell is entitled to absolute immunity, the Court does not reach Judge Dominguez Braswell's argument that plaintiffs fail to state a claim against her. *See* Docket No. 18 at 9.

[5] The Tenth Circuit has held that "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (unpublished) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). Because Judge Dominguez Braswell is entitled to judicial immunity and amendment of the complaint would be futile, the Court finds that dismissal of plaintiffs' claims against her with prejudice is proper. *See Reynolds v. Flynn*, No. 21-cv-01154-RM-NYW, 2022 WL 252327, at *27 (D. Colo. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 20538911 (D. Colo. Mar. 31, 2022) (dismissing claims against judge on basis of judicial immunity with prejudice); *Wojdacz* 2014 WL 4243798, at *12 (same).